## OFFICE OF DISCIPLINARY COUNSEL

v.

### Francis G. PILEGGI (Delaware County).

### Misc. No. 77–8012.

United States Court of Appeals, Third Circuit.

Submitted June 6, 1977.

Decided Feb. 6, 1978.

Allen B. Zerfoss, Chief Disciplinary Counsel, Disciplinary Board of the Supreme Court of Pennsylvania, Harrisburg, Pa., Jeffrey Philip Paul, Asst. Disciplinary Counsel at District II Office, Supreme Court of Pennsylvania, Disciplinary Board, Norristown, Pa., for petitioner.

Robert M. Landis, Dechert, Price & Rhoads, Philadelphia, Pa., for respondent.

Before ALDISERT, ROSENN and HUNTER, Circuit Judges.

### OPINION OF THE COURT

PER CURIAM.

This proceeding arises out of an order of this court to show cause why Francis G.

---

Pileggi ("respondent") should not be suspended from the practice of law in this court for one year. On April 2, 1975, respondent was convicted in the United States District Court for the Eastern District of Pennsylvania of the misdemeanor of accessory after the fact, in violation of 18 U.S.C. § 3. Following this conviction, the Pennsylvania Office of Disciplinary Counsel filed a petition with the Disciplinary Board of the Supreme Court of Pennsylvania to sanction respondent. The Board referred the matter to a Hearing Committee which, after formal proceedings attended by the respondent and his counsel, recommended that respondent be subjected to public censure by the Supreme Court of Pennsylvania. This recommendation was adopted by the Board, but was rejected by the Supreme Court which instead suspended respondent for one year from the practice of law in the State courts.

This court, by order of Chief Judge Seitz dated January 25, 1977, directed respondent to show cause why, after being barred from the Pennsylvania courts, he should not be suspended "from the practice of law in this court for one year and until further order of this court." By order dated June 8, 1977, we appointed the Honorable Richard A. Powers III as a Special Master, with directions for him to file a report in this court containing findings and conclusions on the rule to show cause previously ordered by Chief Judge Seitz. The Special Master filed a report recommending that this court should not accept the order of the Supreme Court of Pennsylvania and impose reciprocal discipline on the respondent because of a possible procedural due process defect in the state proceedings. He suggested that any action on our part be deferred until completion of an independent federal proceeding under rule 46(c) of the Federal Rules of Appellate Procedure.[1]

In an order dated November 23, 1977, we directed the Special Master to conduct an independent federal proceeding. The Special Master proceeded accordingly, with notice to the respondent and an opportunity for him to present additional testimony on December 5, 1977, concerning the circumstances surrounding his federal conviction. The respondent declined and relied on the record already established before the Master.

The Master found that respondent had pleaded *nolo contendere* to the misdemeanor charge and after conviction was sentenced to pay a $5,000 fine, which he did. The Master further found that respondent's plea and conviction arose from his representation of two clients, one of whom owed money to the other. The respondent had recommended payment of the debt with the expectation that the payment would be a mitigating factor at the sentencing of the debtor-client on a related federal crime. The respondent later learned that the debtor-client had directly approached the creditor-client and offered him money for favorable testimony. Although no such testimony was ever given and the respondent had withdrawn as counsel to the debtor, the respondent failed to inform the court of the attempted subornation, believing that to do so would betray the confidence of his client. Except for the misdemeanor conviction, the Master found that the respondent's professional conduct had not been impugned; the Master adopted the finding of the Hearing Committee of the Supreme Court Disciplinary Board that respondent had a good reputation in the legal community and good moral character.[2] The Master concluded that because of the minor nature of respondent's misdemeanor infraction, the terms of the sentence imposed, and respondent's pri-

---

1. Rule 46(c) of the Federal Rules of Appellate Procedure provides:

    Disciplinary Power of the Court Over Attorneys D.P.C.A. A court of appeals may, after reasonable notice and an opportunity to show cause to the contrary, and after hearing, if requested, take any appropriate disciplinary action against any attorney who practices before it for conduct unbecoming a member of the bar or for failure to comply with these rules or any rule of the court.

2. Despite the conviction, the respondent was "found neither to have committed illegal acts involving moral turpitude nor to have engaged in dishonest or fraudulent conduct." Special Master's Supplemental Report, page 4.

or good character and good behavior in the practice of law, neither the principles of " 'right and justice' . . . nor a proper concern for exemplary professional conduct in the bar of this court would be served by . . . ordering respondent's suspension" under Rule 46(c). (Footnote omitted.)

We have carefully reviewed the report and findings of the Special Master, taking special note of his observation that respondent has not practiced in this court since our order to show cause made approximately one year ago. We adopt his conclusion.

The order to show cause issued by this court on January 25, 1977, will be discharged.